# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:09CR12-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>) **MEMORANDUM AND**<br>) **RECOMMENDATION**<br>EDDIE BECKHAM, JR. )<br>   aka "Amun Usir Ali-Bey", )<br>)<br>         **Defendant.** )<br>) | |

**THIS MATTER** is before the Court on the Defendant's "Pro Se Motion to Quash Indictment and Challenge Jurisdiction" (document #10) filed August 31, 2009 and "Government's Response to Motion to Quash" (document #12) filed September 2, 2009.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Defendant's Motion to Quash be <u>denied</u>, as discussed below.

## I. BACKGROUND

The Grand Jury for the Western District of North Carolina returned a one-count Bill of Indictment on January 23, 2009, in which Defendant was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Indictment alleges that

> [o]n or about March 26, 2008, in Mecklenburg County, within the Western District of North Carolina and elsewhere, defendant . . . having been previously convicted of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess in and affecting commerce a firearm.

The Court conducted an initial appearance on August 3, 2009, and arraigned Defendant on August

6, 2009. During his initial appearance the Court conducted a Faretta hearing[1] and Defendant made a voluntary, knowing, and intelligent waiver of his right to counsel. The Court did not appoint stand-by counsel. Defendant, filing under the name Amun-Usir Ali Bey, describes himself as the "authorized representative and secure party for the defendant."

## II. DISCUSSION

### A. Jurisdiction

Defendant claims that the U.S. District Court for the Western District of North Carolina is a Court of Admiralty. On that basis, Defendant contends this Court lacks subject matter jurisdiction. The subject matter jurisdiction in this case is derived from 18 U.S.C. § 3231, which provides that the district courts of the United States shall have original jurisdiction over all offenses against the laws of the United States. Defendant is charged with a violation of 18 U.S.C. § 922(g)(1). Therefore, his alleged conduct is an offense against a law of the United States. Because the U.S. District Court for the Western District of North Carolina is a "district court" under 18 U.S.C. § 3231 and not an admiralty court, this Court has subject matter jurisdiction over Defendant.

Defendant also claims that this Court lacks subject matter jurisdiction over Defendant because he is a "sovereign person." This claim appears rooted in his purported status as a member/participant in the Moorish Nation. In United States v. Burris, 231 Fed. Appx. 281, 282 (4th Cir. 2007), the defendant argued "that the court lacked jurisdiction because of his status as a Moorish American National." Id. The Fourth Circuit held that "[t]his claim is patently frivolous." Id. Based on this precedent, the undersigned finds Defendant's claim to be frivolous and without merit.

---

[1] Faretta v. California, 422 U.S. 806, 807 (1975).

B. **Grand Jury**

Defendant claims the Government failed to present all evidence against him to the grand jury and that the U.S. Attorney's Office influenced the grand jury. "The Fifth Amendment provides that federal prosecutions for capital or otherwise infamous crimes must be instituted by presentments or indictments of grand juries. But neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act." Costello v. United States, 350 U.S. 359, 363-64 (1956). Further,

> [i]f indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

Id. See United States v. Wills, 346 F.3d 476, 488 (4th Cir. 2003) ("This court has held that courts lack authority to review the sufficiency of evidence supporting an indictment."). Because the Government has no obligation to present all the evidence in full to the grand jury, the undersigned respectfully recommends that Defendant's Motion to Quash the Indictment be denied.

C. **No Contract Bearing Defendant's Signature**

Defendant claims this Court lacks subject matter jurisdiction over this case because "theres no contract bearing the defendants signature." Defendant argues that absent a signature-bearing contract, there "are no facts demonstrating an obligation." and no "obligation" means no subject matter jurisdiction. This case is a criminal case, not a civil case. Jurisdiction does not depend on the existence of any contract, much less a contact bearing Defendant's signature. As stated above,

3

subject matter jurisdiction is derived from 18 U.S.C. § 3231, which provides that the district courts of the United States shall have original jurisdiction over all offenses against the laws of the United States. Defendant's alleged conduct is a violation of 18 U.S.C. § 922(g)(1), a law of the United States. Accordingly, the undersigned finds that no contract bearing Defendant's signature is necessary for an indictment and therefore, Defendant's claim is frivolous and without merit.

### D. Uniform Commercial Code

Defendant claims that the Indictment should be dismissed because "theres no claim against the presumed defendant" under the Uniform Commercial Code. Defendant is correct that the Uniform Commercial Code does not prohibit "any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . .[from] possess[ing] in or affecting commerce, any firearm." However, 18 U.S.C. § 922(g)(1), does prohibit such conduct. Defendant was charged with a violation of 18 U.S.C. § 922(g)(1), not a violation of a provision of the Uniform Commercial Code. Accordingly, the undersigned finds that the Uniform Commercial Code is not applicable to this case and finds that Defendant's claim is frivolous and without merit.

## II. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the Defendant's "Pro Se Motion to Quash Indictment and Challenge Jurisdiction" be **DENIED**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v.

4

Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Order to counsel for the Government, to the Defendant, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: September 4, 2009

David S. Cayer
United States Magistrate Judge