# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:09-cr-12

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **EDDIE BECKHAM, JR.** ) | |
| a.k.a. Amun Usir Ali Bey, ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion to Quash Indictment and Challenge Jurisdiction (Doc. No. 10: Motion), filed August 31, 2009, and the Government's response to that motion (Doc. No. 12), filed September 2, 2009. The magistrate judge entered a Memorandum and Recommendation ("M&R") (Doc No. 14), recommending that Defendant's Motion be denied. For the reasons that follow, this Court accepts the magistrate judge's M&R and denies Defendant's Motion.

## I. BACKGROUND

Defendant is charged with one count of possessing a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g). (Doc. No. 1: Indictment). At his initial appearance before the magistrate judge on August 3, 2009, Defendant waived his right his right to counsel and proceeded to represent himself. Defendant files under the name Amun Usir Ali Bey and describes himself as the "authorized representative and secure party for the defendant."

Defendant filed the instant Motion pro se, alleging the following as grounds to quash his indictment: (1) the United States District Courts are those of admiralty and lack subject matter jurisdiction over Defendant; (2) the United States Attorney failed to present all the evidence against

Defendant to the grand jury; (3) there is no contractual obligation between Defendant and the United States to create subject matter jurisdiction; and (4) the United States has no cognizable claim against Defendant under the Uniform Commercial Code. The Court referred Defendant's Motion to Magistrate Judge Cayer, who issued an M&R on September 4, 2009, recommending that Defendant's Motion be denied. (Doc. No. 14: M&R at 4). Objections to the M&R were due by September 24.

On September 8, 2009, Defendant filed an Objection to the Government's Response to Quash Indictment and Challenge Jurisdiction ("Objection") (Doc. No. 16), which the Court will construe as an objection to the M&R. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (directing courts to amend procedurally defective claims to do justice); United States v. Brown, 979 F.2d 849, 1992 WL 336353, at *1 n. 2 (4th Cir. Nov. 9, 1992) (unpublished per curiam opinion) (construing a pro se litigant's motion as procedurally proper). Although construed as such, because the Objection does not actually refer to the M&R or any of its findings, the Court treats it only as a general objection that relies on Defendant's earlier Motion.

## II. STANDARD OF REVIEW

Defendant's Motion, which seeks to quash his indictment, was referred to a magistrate judge for determination under Fed R. Crim. P. 59(b)(1). Because Defendant's Motion seeks to dispose of the charge against him, Defendant's objection to the magistrate judge's recommendation is reviewed by this Court de novo. Fed. R. Crim. P. 59(b)(3).

## III. DISCUSSION

Here, the magistrate judge recommended that Defendant's Motion be denied. The Court has conducted a de novo review based on the Defendant's general objection to the M&R and finds that

the magistrate judge's recommendation is correct based on the law and facts of this case. Accordingly, the Court accepts the M&R's recommendation that Defendant's Motion should be denied on all claims and arguments raised therein.

Defendant's Objection also raises a new claim not addressed in the M&R: that Defendant's most recent felony conviction is more than five years old and, for this reason, cannot support a charge under 18 U.S.C. § 922(g). (Doc. No. 16: Objection at 2). Generally, a defendant may not object to an M&R by raising additional, unrelated claims not present in the original motion. But again, because Defendant is acting pro se, the Court will treat this claim as an amendment to his original Motion and consider it now as if it had been ignored by the M&R. Leeke, 574 F.2d at 1151. See also Jones v. Wasileski, 2009 WL 2143632, at *3 n. 4 (W.D.Va. July 17, 2009) (slip copy) (treating a new claim raised by a pro se litigant in a responsive pleading as an amendment to the original complaint).

Upon review of Defendant's new claim, it is clear that it must fail. Even if Defendant's prior felony conviction is more than five years old, 18 U.S.C. § 922(g) still makes it a crime for Defendant to possess a firearm. Section 922(g) prohibits "any person . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" from shipping, transporting, or possessing a firearm. Only convictions that have been "expunged, or set aside or for which a person has been pardoned or has had civil rights restored" do not prohibit possession of a firearm. 18 U.S.C. § 921(a)(20). Defendant alleges that his most recent felony conviction occurred in February of 2003. (Doc. No. 16: Objection at 2). He further alleges that as of February of 2008, five years after his most recent conviction, North Carolina law no longer prohibits him from possessing a firearm. (Id.). Defendant argues, therefore, that because North Carolina law no longer prohibits him

3

from possessing a firearm, his civil rights have been restored under state law and 18 U.S.C. § 922(g) does not apply.

Defendant's argument is flawed because it is based on a misunderstanding of North Carolina's felon-in-possession statute, N. C. Gen. Stat. § 14-415.1. As it was originally enacted, Section 14-415.1 applied only to felons who had been convicted, discharged from incarceration, or paroled within five years, whichever occurred later. Act of 1971, c. 954, § 1. "Possession beyond the five-year post-release period [was] simply not a crime in North Carolina. Ex-felons regain[ed] the right to possess a gun in that state by the mere passage of time." United States v. Essick, 935 F.2d 28, 30 (4th Cir. 1991). Having had their civil rights restored under state law, these felons could not be prosecuted under 18 U.S.C. § 922(g). Id. at 31. Defendant's argument might have merit, therefore, if N. C. Gen. Stat. § 14-415.1 had never been amended after its enactment in 1971.

In 1995, however, the North Carolina General Assembly amended N.C. Gen. Stat. § 14-415.1 to prohibit all felons from possessing firearms, regardless of the date of their conviction or release from prison. Act of 1995, ch. 487, § 3, 1995 N.C. Sess. Laws 1414, 1417. See also Britt v.State, 681 S.E.2d 320, 321 (N.C. 2009) (discussing the legislative history of N.C. Gen. Stat. § 14-415.1). Under the current enactment of N.C. Gen. Stat. § 14-415.1, passage of a five-year post-release period does not restore a felon's right to possess a firearm. All North Carolina felons are now subject to 18 U.S.C. § 922(g) regardless of their most recent date of conviction or release, and, thus, the additional claim raised in Defendant's Objection cannot succeed.

Furthermore, even if the Court assumed arguendo that Defendant's allegations concerning North Carolina state law were true, they would still fail to quash his indictment. 18 U.S.C. § 922(g) prohibits felons to possess either a firearm or ammunition. Id. ("It shall be unlawful for any person

4

. . . to . . . possess . . . any firearm <u>or</u> ammunition . . . .") (emphasis added). N. C. Gen. Stat. § 14-415.1 only applies to firearms; it is silent with respect to ammunition. Operation of this state law, therefore, could only restore the right to possess a firearm. It could not in any case restore the right to possess ammunition. Even under the prior version of N. C. Gen. Stat. § 14-415.1 that Defendant erroneously claims is the current enactment, 18 U.S.C. § 922(g) would still prohibit possession of ammunition by all felons, regardless of their most recent date of conviction or release. Thus, even if correct, Defendant's additional claim would not negate the charge against him.

### III. CONCLUSION

The Court finds, after a <u>de novo</u> review, that the magistrate judge's findings are correct based on the law and facts of this case. The Court hereby accepts the M&R of the magistrate judge with respect to each claim raised in Defendant's Motion. After additional review of the Defendant's new claim raised in his Objection, the Court finds it to be without merit.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Quash Indictment and Challenge Jurisdiction is **DENIED**.

Signed: October 9, 2009

Robert J. Conrad, Jr.
Chief United States District Judge